IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 13-cv-02414-CMA

MIECAH BICKHAM,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Social Security Commissioner,

    Defendant.

---

**ORDER REVERSING AND REMANDING ALJ'S DECISION
DENYING SOCIAL SECURITY BENEFITS**

---

This matter is before the Court on review of the Commissioner's decision to deny Plaintiff Miecah Bickham's ("Plaintiff") application for supplemental social security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 401-33. Jurisdiction is proper under 42 U.S.C. § 405(g).

## I. BACKGROUND

**A.    MEDICAL EVIDENCE**

Plaintiff was born on April 30, 1972, and was 37 years old on the date of her alleged disability onset. (AR at 158.)[1] She received a high school education up to

---

[1] Citations to the Social Security Administrative Record, which is found at Doc. # 13, will be to "AR" followed by the relevant page number.

the ninth grade, but did not obtain a GED.[2] (AR at 299.) Plaintiff reported that she previously worked as a cook, bank teller, and career counselor. (AR at 34, 36.) With regard to her physiological ailments, Plaintiff complains that she suffers from diabetes, inflammation, asthma, head trauma, sleep apnea, obesity, and migraines. With respect to her psychological ailments, Plaintiff alleges that she suffers from an affective disorder, which Plaintiff identifies as depression, anxiety, and borderline intellectual functioning. (AR at 22.) In 1999, Plaintiff was attacked and sexually assaulted. She reports that she was hospitalized between one to two weeks due to a head injury and being assaulted and stabbed. Later, she was diagnosed with posttraumatic stress disorder ("PTSD") and complains that this traumatic experience has inhibited her ability to work with men. (AR at 300, 303.) She testified that since her attack, she treats her psychological ailments by taking medication and seeing a therapist. (AR at 36.)

### B.   PROCEDURAL HISTORY

Plaintiff previously applied for disability insurance benefits and/or supplemental social security income three times and was unsuccessful each time. Plaintiff filed an application for disability benefits, alleging a disability onset date of October 22, 2009. After her initial application was denied, Plaintiff requested a hearing, which was held on February 8, 2012, before an Administrative Law Judge ("ALJ"), who issued an unfavorable decision on April 13, 2012. (AR at 19-28.)

---

[2] The ALJ's decision states that Plaintiff "has at least a high school education," but does not cite the portion of the record that substantiates this.

In applying the five-step sequential evaluation process outlined in 20 C.F.R. §§ 416.920 to determine whether Plaintiff was disabled, the ALJ determined that:

1. Plaintiff had not engaged in substantial gainful activity since "September 27, 2010, the application date"[3] [Step 1];

2. Plaintiff had the following severe impairments: an affective disorder, an anxiety-related disorder, and borderline intellectual functioning [Step 2];

3. Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 [Step 3];

4. Plaintiff had the residual functional capacity ("RFC") "to perform the full range of medium work, as defined in 20 C.F.R. § 416.967(c). Non-exertionally, she retains the abilities to engage in at least simple, repetitive tasks equating to unskilled work." [Step 4]; and

5. Plaintiff was unable to perform her past relevant work, but can perform jobs that exist in significant numbers in the national economy [Step 5].

The Appeals Council denied Plaintiff's request for review. (AR at 1-3.) In so doing, the Appeals Council considered additional evidence not before the ALJ at the time of his decision, but determined that "information does not provide a basis for changing the [ALJ's] decision." (AR at 2.) On September 5, 2013, Plaintiff filed her appeal of the Commissioner's final decision. (Doc. # 1.) Plaintiff filed her opening brief on January 6, 2014, the Commissioner responded on March 10, 2014, and Plaintiff replied on March 21, 2014. (Doc. ## 17, 21, 22.)

---

[3] Both the ALJ's decision and the initial disability determination state that Plaintiff filed her claim on September 27, 2010. (AR at 19, 41.) However, it appears that Plaintiff, in fact, filed her claim on October 4, 2010. (*Id.* at 158.)

3

## II. STANDARD OF REVIEW

The Court reviews the ALJ's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied.  See *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It requires more than a scintilla, but less than a preponderance." *Id.* (quoting *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007)). "Evidence is not substantial if it is overwhelmed by other evidence in the record." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005).  In so reviewing, the Court may neither reweigh the evidence nor substitute its judgment for that of the agency.  *Salazar v. Barnhart,* 468 F.3d 615, 621 (10th Cir. 2006).

## III. ANALYSIS

Plaintiff raises four arguments in support of her contention that the ALJ committed errors in rendering his decision.  Specifically, Plaintiff argues that the ALJ erred by failing to (1) develop the record, (2) properly assess her credibility, (3) base his decision on substantial evidence, and (4) properly consider whether migraines are a severe impairment.

### A. WHETHER THE ALJ ERRED BY FAILING TO DEVELOP THE RECORD AND PROPERLY ASSESS PLAINTIFF'S CREDIBILITY

Plaintiff claims that the ALJ did not have records covering nearly a year and a half of psychiatric treatment and therapy that she received at Aspen Pointe. (Doc. # 17 at 5-6.)  As such, Plaintiff contends that the ALJ failed to develop the record with respect to her mental limitations.  Because the ALJ also determined that Plaintiff

was not credible due to a lack of medical evidence, the Court will address these two interrelated arguments together.

"The burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability." *Branum v. Barnhart,* 385 F.3d 1268, 1271 (10th Cir. 2004). "A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that 'an adequate record is developed during the disability hearing consistent with the issues raised.'" *Id.* (quoting *Henrie v. U.S. Dep't of Health and Human Servs.*, 13 F.3d 359, 360-61 (10th Cir. 1993)). Thus, "'[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing.'" *Id.* (quoting *Carter v. Chater,* 73 F.3d 1019, 1022 (10th Cir.1996)) (alteration in original). Moreover, the ALJ must "make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." SSR 96-8p, 1996 WL 374184, at *5 (1996). When the claimant is unrepresented at the disability hearing, as in this case, the ALJ's duty is heightened. *See Henrie*, 13 F.3d at 361 (citing *Thompson v. Sullivan,* 987 F.2d 1482, 1492 (10th Cir.1993)).

At the time of the hearing on February 8, 2012, the record contained treatment records from Aspen Pointe through September 28, 2010 only. Plaintiff contends that the ALJ failed to obtain the most recent year and a half of Plaintiff's treatment records from Aspen Pointe. (Doc. # 17 at 6.) These records include, *inter alia*, mental health treatment records from Cynthia Dunson, a therapist at Aspen Pointe. (AR at 312-56.)

The Commissioner concedes that the ALJ did not have all of Plaintiff's medical records from Aspen Pointe, but argues that "there was no reason for the ALJ to believe he did not have the pertinent mental health records before him." (Doc. # 21 at 10.) However, the record contained a letter dated January 11, 2012 from Ms. Dunson, which the ALJ specifically acknowledged. In that letter, Ms. Dunson stated that Plaintiff "has been in treatment [at Aspen Pointe] since 06/10/2008 and has been diagnosed with Major Depressive Disorder, Recurrent Moderate and Posttraumatic Stress Disorder. She is involved in . . . individual therapy and medication management." (AR at 292.) Moreover, consultant examiner Dr. DeAngelo, whose opinion the ALJ discussed in his decision, stated in her report that Plaintiff "sees a psychotherapist, Cynthia Dunson[,] . . . twice per month for counseling." (AR at 300.) Therefore, there were indications in the record that put the ALJ on notice that the record was incomplete. *Compare Maes v. Astrue,* 522 F.3d 1093 (10th Cir. 2008) (declining to find that ALJ did not meet his duty to develop the record where plaintiff's counsel stated that the record was complete and the case was "fully submitted and ready for your decision") *with Bell v. Colvin*, CIV-12-1204-HE, 2013 WL 5930896 (W.D. Okla. Nov. 1, 2013) (ALJ should have developed the record and obtained additional treatment records where plaintiff was unrepresented and a consultant examiner reported that plaintiff received treatment from other doctors). Under these circumstances, the ALJ had a duty to further develop the record by obtaining those treatment notes.[4]

---

[4] The Court notes that the cases upon which the Commissioner relies appear to involve plaintiffs who were represented by counsel. *See* (Doc. # 21 at 9-11.)

The Commissioner argues that "while Plaintiff makes much of the fact that she was unrepresented at the hearing, she knowingly and voluntarily waived her right to representation." (Doc. # 21 at 10) (citations to administrative record omitted). However, the Commissioner fails to point to any case law that states that where a plaintiff waives her right to counsel, the ALJ's duty to develop the record is no longer heightened. This Court declines to adopt such a standard in light of the plethora of case law stating that an ALJ has a heightened duty to develop the record where the plaintiff is unrepresented. *See Henrie*, 13 F.3d at 361.

Having determined that the ALJ breached his duty to develop the record, the Court will assess whether that error was harmless.[5] The Commissioner makes two arguments regarding whether the ALJ's failure was harmless. First, it argues that the additional records were considered by the Appeals Council, which "expressly stated that it reviewed the additional evidence submitted by Plaintiff and that it did not provide a basis for changing the [ALJ's] decision." (Doc. # 21 at 10.) In so arguing, the Commissioner cites *Martinez v. Barnhart*, 444 F.3d 1201, 1207-08 (10th Cir. 2006). However, in *Martinez*, the Tenth Circuit addressed only the plaintiff's arguments relating to alleged Appeals Council errors. The court did not, however, address the plaintiff's

---

[5] *See Martinez v. Astrue*, 389 F. App'x 866, 869 (10th Cir. 2010) ("if the ALJ's disability determination was supported by substantial evidence, the district court's very task is to determine whether the qualifying new evidence upsets that decision"); *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997) ("Where evidence is already in existence at the time of the administrative hearing, it may be appropriate to require the stricter showing exemplified in [*Shannon v Chater,* 54 F.3d 484 (8th Cir. 1995), in which the claimant had to prove prejudice by establishing that the missing evidence would have been important in resolving the claim]."); *but see Madrid v. Barnhart*, 447 F.3d 788, 791 (10th Cir. 2006) (remanding for further development of the record without determining whether the error was harmless or prejudicial).

argument that the ALJ failed to develop the record, which it deemed waived.  *Id*. at 1204-1208.  Moreover, the Court is unaware of case law stating that when the Appeals Council reviews and rejects additional evidence, it cures the ALJ's obligation to develop the record.  Instead, the Tenth Circuit has instructed that courts review all record evidence, including the new evidence before the Appeals Council that was not before the ALJ.  *Boss v. Barnhart*, 67 F. App'x 539, 542 (10th Cir. 2003) (citing *O'Dell v. Shalala*, 44 F.3d 885, 858 (10th Cir. 1994)).  If the evidence contradicts the ALJ's reasons for rejecting the plaintiff's claims, his or her "allegations of error might prevail."  *Id.*

Next, the Commissioner argues that the additional evidence did not undermine the ALJ's decision.  (Doc. # 21 at 11.)  The Commissioner argues that the evidence was cumulative.  However, here, the ALJ specifically reasoned that the "[m]edical evidence of record is nominal at best . . . [and] the claimant has not generally received the type of medical treatment one would expect for a disabled individual."  (AR at 26-27.)  Thus, additional evidence, even that which may be cumulative, could impact the ALJ's determination that Plaintiff's claims of disability were not supported by medical evidence.

The Commissioner also argues that the additional evidence is "damaging to Plaintiff's credibility."  The Commissioner points to treatment notes in which Plaintiff reported feeling "great", was "trying to keep it together", and "maintaining an ability to fulfill her parental responsibilities."  (Doc. # 21 at 11.)  However, "credibility determinations are peculiarly the province of the finder of fact."  *White v. Barnhart*,

287 F.3d 903, 909 (10th Cir. 2001) (internal quotation marks and citation omitted). Although this Court may assess the new evidence to determine whether it contradicts the ALJ's reasoning, it is not convinced it should reweigh Plaintiff's credibility. This is particularly true where the ALJ's only stated reason for finding Plaintiff not credible was a lack of medical treatment.[6] Instead, the ALJ, who has had the opportunity to conduct a hearing and receive Plaintiff's testimony, should assess her credibility in light of these additional records. *See Pennington v. Chater*, 113 F.3d 1246 (10th Cir. 1997) (the ALJ is "optimally positioned to observe and assess witness credibility"). Because the additional evidence calls into question the ALJ's stated reasons for finding Plaintiff was not disabled and not credible, the Court determines that it must remand the case for the ALJ to consider whether the additional evidence impacts his decision.

## B.     REMAINING CONTENTIONS

Because the Court has determined that a remand to consider additional medical records is necessary, it need not address Plaintiff's argument that the ALJ's decision is not based on substantial evidence. *See Madrid,* 447 F.3d at 792 (when the ALJ's error affected the analysis as a whole, court declined to address other issues raised on appeal). However, because the issue is likely to arise on remand, the Court will address Plaintiff's contention that the ALJ failed to properly consider whether Plaintiff's complaints of migraines are a severe impairment.

---

[6] The Court, does, however, point the ALJ's attention to treatment notes in which Plaintiff reported that she was seeking employment and was contacted to participate in a reality television show.  *See* (AR at 320-21).

9

Plaintiff argues that the ALJ erred at step two of the five step evaluation process when he concluded that her migraine headaches were not a severe impairment because there was no "objective evidence in the record." (Doc. # 17 at 11) (citing AR at 22). This is in error because there is no objective testing for migraine headaches. *See Pennington v. Chater*, 113 F.3d 1246 (10th Cir. 1997) (unpublished table decision) ("we are aware of no medical procedures to objectively evaluate either the severity of a migraine or pain").

Ordinarily, where no conclusive test exists to evaluate the diagnosis and/or symptomatology of an ailment, as is the case with migraine headaches, the failure to produce such a test "is surely an improper basis for discrediting a claimant's uncontroverted testimony." *See id.* However, here, the record is devoid of any evidence that Plaintiff sought or received treatment for her self-described headaches. *Cf. Wiltz v. Barnhart*, 484 F. Supp. 2d 524 (W.D. La. 2006) (ALJ improperly disregarded treating physician's diagnosis that plaintiff suffered from migraines where claimant had consistently sought treatment for migraines, had been prescribed medication, and displayed other objective signs of the condition, including vomiting, dizziness, and the need to stay in a dark room). Moreover, as the Commissioner points out, the ALJ attempted to secure a medical consultative examination for Plaintiff, at the State's expense, but she failed to attend the examination. (Doc. # 21 at 17) (citing AR at 308). Plaintiff cannot fail to show up for an examination, but then seek to capitalize on that failure by arguing that the ALJ improperly determined there was a lack of evidence that she suffers from this condition. Thus, under these facts, Plaintiff has not demonstrated

that the ALJ erred in determining that her migraine headaches are not a severe impairment.

## IV. **CONCLUSION**

Accordingly, it is ORDERED that the ALJ's denial of social security disability benefits is REVERSED.  This case is REMANDED to the Commissioner for proceedings consistent with this Order.

DATED:  August __14__, 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge